UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------X
THE STANDARD FIRE INSURANCE
COMPANY,

      Plaintiff,

   v.

DANIEL CESARIO,

      Defendant.
------------------------------------------------------X

Civil Action No. 2:11-cv-07012 (WHW)(MCA)

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR TRANSFER

FINAZZO COSSOLINI O'LEARY
MEOLA & HAGER, LLC
36 Cattano Ave., Suite 500
Morristown, NJ 07960
(973) 343-4960

LENNON, MURPHY, CAULFIELD &
PHILLIPS, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ....................................................................3

ARGUMENT...................................................................................................................................4

POINT ONE
THE MOTION TO DISMISS FOR *FORUM NON CONVENIENS* SHOULD BE DENIED
BECAUSE THE U.S. SUPREME COURT HAS LIMITED THAT DOCTRINE TO CASES
WHERE THE ALTERNATIVE FORUM IS LOCATED ABROAD .............................................4

POINT TWO
THE MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a) SHOULD BE DENIED
BECAUSE PLAINTIFF'S CHOUSE OF FORUM IS ENTITLED TO DEFERENCE AND
NEW JERSEY IS THE MOST CONVENIENT VENUE ............................................................10

CONCLUSION..............................................................................................................................14

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aetna Ins. Co. v. Dudney, 595 So.2d 238 (Fla. 4th DCA 1992)..............................................13

AGF Marine & Aviation & Transp. v. Cassin, 544 F.3d 255 (3d Cir. 2008)...........................13

Carl Schroeter GmbH & KO., KG v. Crawford & Co., No. 09-946,
2009 U.S. Dist. LEXIS 43488 (E.D. Pa. May 19, 2009)...........…..................................5,7

Cornish v. Morris Communications Co., LLC, No. 08-6395,
2009 U.S. Dist. LEXIS 89905 (D.N.J. Sept. 28, 2009)......................................…...…...9

Dagostino v. Bally's Las Vegas, a/k/a Bally's Grand, Inc., No. 11-cv-02618 (WHW),
2011 U.S. Dist. LEXIS 132689 (D.N.J. Nov. 17, 2011)..…..............................…......3,10,11

Donachy v. Intrawest United States Holdings, Inc., No. 10-cv-4038 (RMB),
2011 U.S. Dist. LEXIS 79567 (D.N.J. July 21, 2011)................................................6,9

Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S. Ct. 913, 8 L. Ed. 39 (1962)..................….......5

Great Lakes Reinsurance (UK), PLC v. Rosin, 757 F. Supp. 2d 1244 (S.D.Fla. 2010)….…........13

Gulf Oil v. Gilbert, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)...............................7

Hilton Oil Transport v. Jonas, 75 F.3d 627 (11th Cir. 1996)................................................13

In re Corel Corp. Inc. Secs. Litig., 147 F. Supp. 2d 363 (E.D. Pa. 2001).............................7

In re McDonnell-Douglas Corp., 647 F.2d 515 (5th Cir. 1981)...........................................10

Jumara v. State Farm Insurance Co., 55 F.3d 873 (3d Cir 1995)..................….................10,11

Lacey v. Cessna Aircraft Co., 862 F.2d 38 (3d Cir. 1988)(Lacey I)......................................7

Lacey v. Cessna Aircraft Co., 932 F. 2d 170 (3d Cir. 1991)(Lacey II)..................................5

Lexington Ins. Co. v. Cooke's Seafood, 835 F.2d 1364 (11th Cir. 1988)...........................13

Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628 (3d Cir. 1989)(Lony I)...................6,8

Lony v. E.I. Du Pont de Nemours & Co., 935 F.2d 604 (3d Cir. 1991)(Lony II)....................6

N.J. Mfrs. Ins. Co. v. Castlton Envtl. Contrs., LLC, No. 11-cv-2123 (PJS),

2011 U.S. Dist. LEXIS 132205 (D.N.J. Nov. 15, 2011)..................................................4

Norex Petroleum, Ltd. v. Access Indus., 416 F.3d 146, 2005 U.S. App. LEXIS 14954
(2d Cir. 2005)..........................................................................................................6

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981).........4,5,6,7

Sinochem Int'l Co. v. Malay Int'l Shipping Corp., 549 U.S. 422, 127 S. Ct. 1884,
167 L. Ed. 2d 15 (2007)..........................................................................................1,4,5

Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970), cert. denied, 401 U.S. 910,
91 S. Ct. 871, 27 L. Ed. 2d 808 (1971)....................................................................9,10

Technology Dev. Co. v. Onischenko, 174 Fed. Appx. 117 (3d Cir. 2006).........................6,8

Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 75 S. Ct. 368,
99 L. ed. 337 (1995)..............................................................................................13

Windt v. Qwest Comm. Int'l, Inc., 529 F.3d 183 (3d Cir. 2008)..........................................5,6

## UNITED STATES CODE

28 U.S.C. § 1333..........................................................................................................3

28 U.S.C. § 1391(b)......................................................................................................3

28 U.S.C. § 1391(c)......................................................................................................3

28 U.S.C. § 1404(a)...............................................................................................passim

28 U.S.C. § 1406(a)...............................................................................................passim

## OTHER AUTHORITIES

14D C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3828, pp 620-623,
and nn 9-10 (3d Ed. 2007)..........................................................................................4

Plaintiff, The Standard Fire Insurance Company (hereinafter "Standard Fire" or "Plaintiff"), by and through its attorneys, Lennon, Murphy, Caulfield & Phillips, LLC and Finazzo Cossolini O'Leary Meola & Hager, LLC respectfully submits its Memorandum of Law in Opposition to the Motion to Dismiss and/or Transfer (the "Motion") filed by the Defendant, Daniel Cesario (hereinafter "Defendant").

## PRELIMINARY STATEMENT

This case involves a coverage dispute under a marine insurance policy issued in New Jersey to Defendant, a resident of New Jersey. Peculiarly, Defendant seeks dismissal and/or transfer of this matter to the United States District Court for the Southern District of Florida based upon the common law doctrine of *forum non conveniens*. As explained below, the dispute arises out of unambiguous policy language, implicates the general maritime law, and involves largely undisputed facts. Neither the law, nor common sense, support transfer of this matter under the circumstances.

Defendant's boat was stolen on or about August 10, 2011 from Hallandale, Florida. Standard Fire seeks a declaration of no coverage because Defendant breached the policy's Navigational Warranty which, in exchange for a lower premium, required the boat to be located north of Cape Hatteras, North Carolina between June 1, 2011 and November 15, 2011. Federal courts strictly enforce navigational warranties in marine insurance policies under the general maritime law.

Defendant's Motion to Dismiss is without merit because the United States District Court for the Southern District of Florida is not a proper alternative forum. Significantly, the United States Supreme Court held in Sinochem Int'l Co. v. Malay Int'l Shipping Corp., 549 U.S. 422, 430, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007), that "[t]he common law doctrine of *forum non*

1

*conveniens* has continuing application [in federal court] only in cases where the alternative forum is abroad...and perhaps in rare instances where a state or territorial court serves litigational convenience best." As explained below, Defendant's Motion neither proposes a forum abroad, nor provides any legitimate reason why this Court (located in Defendant's state of residence) is so unfairly inconvenient as to justify the extraordinary remedy of dismissal. Defendant's Motion to Dismiss under the common law doctrine of *forum non conveniens* should, therefore, be denied.

Defendant's request to transfer venue also fails. Defendant concedes, as he must, that venue is proper in the District of New Jersey. At all material times, Plaintiff and Defendant resided in New Jersey, Plaintiff delivered the Policy to Defendant in New Jersey, and Plaintiff made personal service of the Summons and Complaint upon Defendant in New Jersey. Further, Defendant has not challenged personal jurisdiction.

There is also no reason to believe that Florida is the more convenient forum for the parties or witnesses. In fact, there is no evidence or witnesses that are required from Florida. The material facts concerning the timing and location of the boat theft are undisputed. By Defendant's own admission, the insured boat was stolen by thieves on or about August 10, 2011 while moored in Hallandale, Florida. Similarly, the material policy terms speak for themselves. Defendant warranted his boat would be located north of Cape Hatteras, North Carolina between June 1, 2011 and November 15, 2011. The consequences of Defendant's breach of the Navigational Warranty is an issue of law best addressed through a motion for summary judgment.

The likely witnesses in this case, if any, are witnesses who reside in New Jersey or the northeast region. These witnesses may include: (i) Standard Fire's underwriter, who evaluated

the degree of risk and then set the premium based upon Defendant's insurance application; (ii) the Defendant, who lives in East Hanover, New Jersey; and/or (iii) representatives of Defendant's New York insurance broker, Total Dollar Management Effort. As will be explained more fully below, Defendant has failed to explain how he would be inconvenienced by litigating in his home state of New Jersey or how Florida is the more convenient forum.

For these reasons and those that follow, the Court should deny Defendant's Motion because New Jersey is the most convenient forum, both parties reside in New Jersey, the policy was delivered in New Jersey, and Defendant was amenable to personal service in New Jersey.

## FACTUAL AND PROCEDURAL BACKGROUND

Subject matter jurisdiction for this admiralty action is pursuant to 28 U.S.C. § 1333. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) because Standard Fire is a Connecticut corporation authorized to do business in New Jersey[1] and Defendant resides in East Hanover, New Jersey. *Id.,* ¶¶ *1-5*. Standard Fire issued Travelers Yacht Policy number 979464910 8401 (hereinafter "the Policy") to Defendant for his 2006 forty-four foot Sea Ray motor yacht (hereinafter "the Boat"). *Id.* ¶ *4*. The Policy undisputedly contains the following Navigational Warranty:

> **NORTH OF CAPE HATTERAS, NORTH CAROLINA RESTRICTION ENDORSEMENT**
>
> In consideration of the premium charged, it is warranted that your **yacht** must be north of Cape Hatteras, North Carolina between June 15 and November 1, both dates inclusive.
>
> All other conditions of this **policy** apply.

(emphasis in original). *Complaint,* ¶¶ *11-12* (Docket Entry No. 1).

---

[1] *See* e.g., Dagostino v. Bally's Las Vegas a/k/a/ Bally's Grand Inc., No. 11-cv-02618 (WHW), 2011 U.S. Dist LEXIS 132689,*4 (D.NJ. Nov. 17, 2011)(holding that corporations are deemed to reside wherever they are subject to personal jurisdiction under 28 U.S.C. § 1391(c)). Copies of the unpublished decisions cited in this Memorandum of Law are attached hereto as Exhibit A.

3

The boat was stolen on or about August 10, 2011 while moored at a marina in Hallandale, Florida. *Id. ¶ 17, Def. Motion, ¶ 1.* Because the vessel was not North of Cape Hatteras, North Carolina on August 10, 2011 as warranted, Standard Fire denied coverage and brought this action seeking a declaration that there is no coverage as a result of Defendant's breach of warranty.

Standard Fire personally served the Summons and Complaint upon Defendant in East Hanover, New Jersey. *See Return of Service dated Dec. 22, 2011* (Docket Entry No. 4). East Hanover is the only location where Defendant was known to be amenable to service.

## ARGUMENT

### POINT ONE

### THE MOTION TO DISMISS FOR *FORUM NON CONVENIENS* SHOULD BE DENIED BECAUSE THE U.S. SUPREME COURT HAS LIMITED THAT DOCTRINE TO CASES WHERE THE ALTERNATIVE FORUM IS LOCATED ABROAD.

Under the doctrine of *forum non conveniens*, a district court has the discretion to dismiss a complaint when an alternate, non-federal "forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981) (internal quotation marks and citations omitted). See also N.J. Mfrs. Ins. Co. v. Castlton Envtl. Contrs., LLC, No. 11-cv-2123 (PJS), 2011 U.S. Dist. LEXIS 132205, *3 (D.NJ. Nov. 15, 2011)(observing that *forum non conveniens* dismissal is properly limited to cases where the alternative forum is located outside of the United States), Exh. A. The Supreme Court held in Sinochem Int'l Co. v. Malay Int'l Shipping Corp., 549 U.S. 422, 430, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007), that *forum non conveniens* dismissal is not

appropriate in circumstances where the suggested alternative forum is another federal district court. In <u>Sinochem Int'l Co.</u>, the Supreme Court explained as follows:

> The common law doctrine of *forum non conveniens* "has continuing application [in federal court] only in cases where the alternative forum is abroad," [citation omitted] and perhaps in rare instances where a state or territorial court serves litigational convenience best See 14D C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3828, pp 620-623, and nn 9-10 (3d ed. 2007). For the federal court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action. <u>See</u> 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); <u>cf.</u> § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) (Section 1406(a) "authorize[s] the transfer of [a] cas[e] . . . whether the court in which it was filed had personal jurisdiction over the defendants or not.")

<u>Sinochem Int'l Co.</u>, 549 U.S. at 430. "A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." <u>Piper Aircraft Co.</u>, 454 U.S., at 255-256, 102 S. Ct. 252, 70 L. Ed. 2d 419.

Assuming *arguendo* that the common law doctrine of *forum non conveniens* did apply, "[a]t the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum." <u>Id.</u>; <u>see also</u> <u>Windt v. Qwest Comm. Int'l, Inc.</u>, 529 F.3d 183, 189-90 (3d Cir. 2008)(same). "[I]f the subject matter of the litigation is not cognizable in the alternative forum, or the remedy is otherwise clearly unsatisfactory, that forum will be considered inadequate for purposes of *forum non conveniens*." <u>Carl Schroeter GmbH & KO., KG. v. Crawford & Co.</u>, No. 09-946, 2009 U.S. Dist. LEXIS 43488 (E.D. Pa. May 19, 2009), Exh. A, (citing <u>Lacey v. Cessna Aircraft Co.</u>, 932 F.2d 170, 180 (3d Cir. 1991) (<u>Lacey II</u>)). "To satisfy the adequacy requirement, a defendant must establish that (1) he or she is amenable to

process in the foreign forum and (2) the foreign forum will provide the plaintiff with appropriate redress." Donachy v. Intrawest United States Holdings, Inc., No. 10-cv-4038 (RMB), 2011 U.S. Dist. LEXIS 79567, *13 (D.N.J. July 21, 2011), Exh. A.

Where an adequate alternative forum exists, a district court "must then determine the appropriate amount of deference to be given the plaintiff's choice of forum." Windt, 529 F.3d at 190. In general, "a plaintiff's choice of forum should rarely be disturbed." Id. at 189 (quoting Piper Aircraft Co., 454 U.S. at 241). The Third Circuit Court of Appeals has held that the district court's "deference determination" is extremely important and that deference should ordinarily be given to a plaintiff who sues a defendant in the defendant's home forum. More specifically, in Technology Dev. Co. v. Onischenko, 174 Fed. Appx. 117 (3d Cir. 2006), the Third Circuit held as follows:

> Our view of the importance of the deference determination is underscored by the unusual scenario presented in this case. Most *forum non conveniens* cases involve a defendant, sued far from home, arguing against being forced to litigate in a remote forum. Lony v. E.I. Du Pont de Nemours & Co., 935 F.2d 604, 608 (3d Cir. 1991) (Lony II). Here, by contrast, Onischenko was sued in his own forum and is arguing that it would be more convenient for him to defend himself thousands of miles away. *In Lony I, we implied that a foreign plaintiff's decision to sue a defendant in the defendant's home forum was itself a factor suggesting that the foreign plaintiff's decision was based on convenience rather than some ulterior motive.* 886 F.2d at 634; Norex Petroleum, 416 F.3d at 155-56. Even granting that much of the conduct involved in this litigation occurred while the parties were in Russia, the fact that TTDC chose to sue Onischenko in the only place it thought it could obtain jurisdiction is evidence that its choice of forum was based on convenience factors. This, plus that the fact TTDC was wrapping up its Russian business and beginning the transition to the United States, shows that the District Court's treatment of this issue was too superficial. Therefore, dismissing without a more detailed inquiry into the proper level of deference to be accorded to TTDC's forum selection constituted an abuse of discretion.

Technology Dev. Co., 174 Fed. Appx. at 122 (emphasis added).

To assist trial courts in their analysis, the Supreme Court directed courts to balance private and public interest factors. Factors relating to the private interests include:

6

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

Windt, 529 F.3d at 189 (quoting Gulf Oil v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)). Public interest factors include administrative difficulties arising from court congestion; imposing jury duty on the people of a community which has no relation to the litigation; the "local interest in having localized controversies decided at home"; "having the trial of a diversity case in a forum that is at home with the state law that must govern the case"; avoiding problems with conflict of law, and the application of foreign law. Id. (quoting Gulf Oil, 330 U.S. at 508-09).

The defendant bears the burden of persuasion for all elements of the *forum non conveniens* analysis. Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43-44 (3d Cir. 1988)(Lacey I). "The Third Circuit has made clear that dismissal for *forum non conveniens* is the exception rather than the rule." Carl Schroeter GmbH & KO., KG., 2009 U.S. Dist. LEXIS 43488, Exh. A, (quoting In re Corel Corp. Inc. Secs. Litig., 147 F. Supp. 2d 363, 365 (E.D. Pa. 2001)(internal quotations and additional citations omitted)). To prevail on a motion to dismiss under the doctrine of *forum non conveniens*, a defendant must establish that "private and public interest factors weigh heavily on the side of dismissal," Lacey I, 862 F.2d at 44, and "provide enough information to enable the district court to balance the parties' interests." Id. (quoting Piper, 454 U.S. at 258)(internal quotation marks omitted)).

As applied to the instant case, the factors weigh heavily in favor of the District of New Jersey. First, Defendant's motion should be denied because he failed to address the existence of an alternative forum as a threshold matter in the *forum non conveniens* analysis. Significantly, it is unknown whether Defendant is amenable to process in Florida or not. Even when Defendant

was sued by Diplomat Marina in the Southern District of Florida, Diplomat Marina resorted to personal service of Defendant at his home in East Hanover, New Jersey. *See Return of Service dated Nov. 11, 2011 in S.D.Fla. action, attached as Exhibit B.* In this regard, an important reason why Plaintiff initiated this action in the District of New Jersey is because it knew that Defendant was amenable to process in New Jersey.

Second, Plaintiff brought suit in the District of New Jersey where both parties reside. Like in Tech. Dev. Co., this is itself a factor suggesting that Plaintiff's decision was based on convenience rather than some ulterior motive. Defendant's suggestion that he would be greatly inconvenienced by defending this action in his home forum makes little sense. This is especially true when one considers that no evidence or witnesses will be required from out-of-state. Under these circumstance, Plaintiff's choice of forum should not be disturbed. "Ordinarily, great deference is accorded a plaintiff's choice of forum. . . ." Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989)(Lony I).

Third, all private interest factors weigh in favor of Plaintiff. Both parties have full access to sources of proof. They have already agreed on the material facts relating to the time and place of the boat theft such that fact discovery into the theft is unnecessary and would constitute a waste of resources. Furthermore, any witnesses who might be needed for trial would be party witnesses subject to this Court's subpoena power. Additionally, given the purely legal issues in this matter and the undisputed material facts, this is not a case where a visual inspection of Diplomat Marina, or of any other site for that matter, would be useful. Still further, Defendant has not pointed to any practical problem with proceeding in the District of New Jersey such as the cost of litigating in New Jersey as opposed to Florida.

Fourth, the public interest factors weigh in favor of New Jersey. Defendant has made no showing that the District of New Jersey has a heavier case load than the Southern District of Florida. In reality, both courts have heavy case loads. In any event, considerations of court congestion are not usually afforded significant weight in the balancing analysis. See, e.g., Cornish v. Morris Communications Co., LLC, No. 08-6395, 2009 U.S. Dist. LEXIS 89905 (D.N.J. Sept. 28, 2009), Exh. A. Additionally, New Jersey has a legitimate local interest in this case given that the issue concerns a New Jersey boat owner, a New Jersey marine insurer, and a marine insurance policy delivered in New Jersey. The fact that the boat theft occurred in Florida is fortuitous considering that Defendant's boat is capable of motoring between states and, consequently, could have just as easily been stolen in any one of several Atlantic coast states, including New Jersey. The overarching point is that New Jersey boat owners have an interest in having their marine insurance disputes litigated in New Jersey. As for choice of law, federal maritime law should apply in both courts such that this factor favors neither New Jersey nor Florida.

Lastly, because this is a dispute between two New Jersey residents over a marine insurance policy delivered in New Jersey, even if this admiralty case did proceed to a jury, and more often than not admiralty cases are tried without juries, New Jersey citizens would not be unfairly burdened with jury duty.

In summary, "[t]he law is clear: 'unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.'" Donachy, 2011 U.S. Dist. LEXIS 79567 at *21, quoting Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).

For the foregoing reasons, it is respectfully submitted that Defendant's Motion to Dismiss for *forum non conveniens* should be denied.

### POINT TWO

### THE MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a) SHOULD BE DENIED BECAUSE PLAINTIFF'S CHOICE OF FORUM IS ENTITLED TO DEFERENCE AND NEW JERSEY IS THE MOST CONVENIENT VENUE.

Transfer of venue pursuant to 28 U.S.C. § 1404(a) should be denied because Defendant has not met its burden of establishing a need for transfer that overcomes the presumption in favor of Plaintiff's forum choice. "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). When a case is brought pursuant to the district court's admiralty jurisdiction, venue is proper wherever the district court has personal jurisdiction over the defendant. See, e.g., In re McDonnell-Douglas Corp., 647 F.2d 515, 516 (5th Cir. 1981). Even if venue is proper, the district court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice ...." 28 U.S.C. § 1404(a).

> In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."

Jumara, 55 F.3d at 879. "The burden of establishing the need for transfer still rests with the movant." Id., citing Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970), cert. denied, 401 U.S. 910, 91 S. Ct. 871, 27 L. Ed. 2d 808 (1971). In ruling on defendant's motion to transfer venue, the plaintiff's choice of venue should not be lightly disturbed. Jumara, 55 F.3d at 879.

This Honorable Court recently addressed the standard for transfer under Section 1404(a) in Dagostino v. Bally's Las Vegas a/k/a Bally's Grand, Inc., No. 11-cv-02618 (WHW), 2011

U.S. Dist LEXIS 132689 (D.NJ. Nov. 17, 2011), wherein the Court denied the defendants' motion to transfer where they had not met their burden to establish a need to choice. (Exh. A). In Dagostino, transfer that overcame the presumption of Plaintiff's forum the Court recited the proper standard of review within the Third Circuit as follows:

> The Third Circuit has listed the public and private interests a court should consider in determining whether to transfer a case:
>
> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Dagostino, 2011 U.S. Dist LEXIS 132689 at *8 quoting Jumara, 55 F.3d at 879-80 (internal citations omitted).

Like the *forum non conveniens* factors addressed in Point One *supra*, once again the substantially similar private and public interest factors weigh heavily in favor of New Jersey. As a threshold matter, Defendant has failed to establish that the Southern District of Florida is a proper venue. Defendant has not established that he is subject to personal jurisdiction in Florida, nor has he established that he is amenable to service of process there. Moreover, Defendant has not performed the requisite analysis of the private and public interest factors relevant to a Section

11

1404(a) determination. The Court should deny Defendant's motion to transfer on this basis alone.

Notwithstanding the foregoing, the District of New Jersey is the more convenient forum given that it is the place where both parties reside and given that this case is appropriate for resolution by motion for summary judgment on documents alone. The parties' rights and obligations under the policy can be fully addressed without regard to Florida witnesses because it is undisputed that the boat was stolen in Florida at a time when Defendant warranted that it would be north of Cape Hatteras, North Carolina. While Defendant's motion implies that he requires evidence from witnesses in Florida such as from "police officers, law enforcement agencies, representatives from Diplomat [Marina], and other investigators all of whom are in Broward County, Florida...," none of these witnesses have any bearing on the instant action because Defendant has admitted that his boat was stolen from Hallandale, Florida on or about August 10, 2011. Furthermore, the parties already possess all documents that relate to Defendant's insurance claim.

Additionally, the fact that Defendant has been sued in Florida by a Florida marina to enforce the terms of a boat storage agreement is not enough to overcome Plaintiff's forum preference. The Florida case is captioned <u>Diplomat Properties, L.P. v. Daniel Cesario</u>, No. 11-cv-62494, and appears to be an action to enforce the terms of a Slip License Agreement. The Florida action between Defendant and his marina involves an entirely different issue than the one in this case. Although both cases concern the theft of Defendant's boat generally, the two actions are not related. The instant action relates to a warranty in a marine insurance policy, whereas the Florida action relates to the enforceability of an exculpatory clause in a marina storage contract.

Finally, judges within the Southern District of Florida are not better suited to decide issues of admiralty law because a Florida court would apply the same general maritime law that applies throughout the United States. See e.g., Hilton Oil Transport v. Jonas, 75 F.3d 627, 630 (11th Cir. 1996)(holding that breach of a navigation warranty in a marine insurance policy deprives the insured of coverage, even if the breach is unrelated to the loss, and explaining that "admiralty cases that support this principle are legion and form a judicially established and entrenched federal admiralty rule.") (citing Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 315, 75 S. Ct. 368, 99 L. Ed. 337 (1955)); Great Lakes Reinsurance (UK), PLC v. Rosin, 757 F.Supp. 2d 1244 (S.D.Fla. 2010)(same); Aetna Ins. Co. v. Dudney, 595 So.2d 238, 239 (Fla. 4th DCA 1992)(holding that "[s]tate law cannot be utilized to interpret a warranty in a marine insurance contract if the federal judiciary has established a rule as to the interpretation of that type of warranty [citation omitted]. Federal courts have recognized that for over forty years strict construction of navigational limit warranties has been an established admiralty rule of the federal judiciary." (citing Wilburn Boat Co., 348 U.S. at 310 and Lexington Ins. Co. v. Cooke's Seafood, 835 F.2d 1364 (11th Cir. 1988)). Where a maritime dispute arises, a court in the Third Circuit must determine whether "well established principles of federal admiralty law" exist and, if so, must apply those principles "to resolve [the] dispute." AGF Marine Aviation & Transp. v. Cassin, 544 F.3d 255, 260 n.4 (3d Cir. 2008) (citing Wilburn Boat Co., 348 U.S. at 313).

For the foregoing reasons, Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) should be denied.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that Defendant's Motion to Dismiss under the common law doctrine of *forum non conveniens* and Defendant's Motion to Transfer under 28 U.S.C. § 1404(a) should be denied.

Dated: February 7, 2012

                Attorney for Plaintiff
                The Standard Fire Insurance Company

By: s/ Rachel R. Hager
        Rachel R. Hager
        FINAZZO COSSOLINI O'LEARY
        MEOLA & HAGER, LLC
        36 Cattano Ave., Suite 500
        Morristown, NJ 07960
        (973) 343-4960
        Rachel.Hager@finazzolaw.com

        Charles E. Murphy
        LENNON, MURPHY, CAULFIELD & PHILLIPS, LLC
        The GrayBar Building
        420 Lexington Ave., Suite 300
        New York, NY 10170
        (212) 490-6050-phone
        (212) 490-6070-fax
        cem@lmcplegal.com

## CERTIFICATION OF SERVICE

I hereby certify that on February 7, 2012, a copy of the foregoing Memorandum of Law in Opposition to Motion to Dismiss and/or Transfer was filed electronically. Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                                              s/Rachel R. Hager
                                              Rachel R. Hager