## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE STANDARD FIRE INSURANCE COMPANY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DANIEL CESARIO, | : |
| | : |
| Defendant. | : |
| | : |

**OPINION**

Civ. No. 11-7012 (WHW)

**Walls, Senior District Judge**

     The Standard Fire Insurance Company ("Standard Fire") brings a marine insurance action regarding the theft of a yacht owned by the defendant Daniel Cesario. Cesario moves to dismiss the case under the doctrine of foreign non conveniens or, in the alternative, to transfer the case to the Southern District of Florida pursuant to 28 U.S.C. § 1404. This motion will be denied because the forum non conveniens doctrine is inapplicable and Cesario has failed to demonstrate that transfer is appropriate here.

### FACTUAL AND PROCEDURAL BACKGROUND

     The defendant Daniel Cesario is the owner of a 44' Sea Ray Sundancer yacht that was stolen from a marina in Hallandale, Florida in August 2011. At the time of the theft, the vessel was insured under a policy issued by the plaintiff Standard Fire through its subsidiary the Travelers Insurance Company. This insurance policy allegedly included a "Navigational Warranty" under which the owner warranted that the vessel "must be north of Cape Hatteras, North Carolina between June 15 and November 1." Compl. ¶ 12. On August 17, 2011, Standard

**NOT FOR PUBLICATION**

Fire issued a letter declining coverage for the theft of the yacht because the vessel was located in Florida at the time of the theft when the Navigational Warranty required that it be north of Cape Hatteras, NC.

On December 1, 2011, Standard Fire filed the present action seeking a declaratory judgment that the insurer has no obligation to provide coverage under the insurance policy for the theft or any losses stemming from the theft. Compl. ¶¶ 18–26. On January 10, 2012, Cesario filed a motion to dismiss on the basis of forum non conveniens or, in the alternative, to transfer the case to the Southern District of Florida under 28 U.S.C. § 1404. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

## STANDARD OF REVIEW

A federal court has limited discretion under the common law doctrine of forum non conveniens to dismiss a case in favor of a foreign jurisdiction where "trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 429 (2007) (internal quotations omitted). In deciding whether to dismiss, the district court must weigh various public and private factors bearing on the propriety of the dismissal. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 258–60 (1981). The moving party bears a considerable burden to "show that the balance of these factors tips decidedly in favor of trial in the foreign forum." Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991).

Under 28 U.S.C. § 1404, a district court has discretion to transfer a case to another federal forum. Unlike 28 U.S.C. § 1406 that provides for either transfer or dismissal where original venue is improper, the discretionary transfer provision of 28 U.S.C. § 1404(a) provides

NOT FOR PUBLICATION

only for transfer and applies wherever both the original and the alternative venue are proper. Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). In pertinent part, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although a plaintiff's chosen forum is afforded substantial deference, the Third Circuit has directed that a district court must weigh "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara, 55 F.3d at 879–80. The court must consider both private interest and public interest concerns bearing on the propriety of the requested transfer. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30–31 (1988).

## DISCUSSION

As a threshold consideration, the Court finds that jurisdiction and venue in the District of New Jersey are proper. Standard Fire brings this case under federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333. Under 28 U.S.C. § 1391, in pertinent part, venue is proper in the "judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(b)(1). Cesario does not dispute that venue is proper because he resides in New Jersey and is the only defendant in this action. See Compl. ¶¶ 2, 6; Return of Service, ECF No. 4. Because venue is proper in the District of New Jersey, the defendant may only seek to transfer to another federal forum under the discretionary transfer provision of 28 U.S.C. § 1404(a) or dismiss under the common law doctrine of forum non conveniens.

### I.   Dismissal under Forum Non Conveniens

Cesario first moves to dismiss the present action under the doctrine of forum non conveniens. The forum non conveniens doctrine is inapplicable here because the proposed

3

**NOT FOR PUBLICATION**

alternative forum is another federal judicial district. The Supreme Court has explained that "the doctrine of forum non conveniens 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' . . . and perhaps in rare instances where a state or territorial court serves litigational convenience best." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007) (quoting Am. Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994)). Cesario argues that the court should dismiss this action in favor of an alternative domestic forum because witnesses and evidence related to the theft of the yacht are located in southern Florida, where the yacht was stolen. Mot. to Dismiss or Transfer 2–3. The only specific jurisdiction that Cesario identifies as an alternative forum is the Southern District of Florida. Id. Cesario's motion to dismiss must be denied because "Congress … provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007).

## II.    Discretionary Transfer under 28 U.S.C. § 1404

Alternatively, Cesario moves under 28 U.S.C. § 1404 for discretionary transfer to the Southern District of Florida, where a related federal suit is pending against him by the marina from which the yacht was stolen. Mot. to Dismiss or Transfer 2–3. See Complaint, Diplomat Props. L.P. v. Cesario, No. 11-cv-62404 (S.D. Fla. Nov. 9, 2011). Arguing that these two actions both arise out of the theft of the yacht and would rely on the same witnesses, Cesario suggests that litigation of both cases in Florida would promote judicial economy and be more convenient for the parties and witnesses. Mot. to Dismiss or Transfer 2–3. The Court will deny this motion to transfer because Cesario has failed to demonstrate that the weight of the relevant public and private interest factors would favor transfer.

NOT FOR PUBLICATION

The Third Circuit has identified certain public interest and private interest factors that the court should consider in determining whether to transfer a case under 28 U.S.C. § 1404(a). Jumara, 55 F.3d at 879. The private interest factors include the forum preferences of each party, where the claim arose, convenience to the parties based on "their relative physical and financial condition," and the location of witnesses and evidence to the extent that they would be unavailable in one of the fora. Id. Relevant public interest factors include the enforceability of any resulting judgment, "practical considerations that could make the trial easy, expeditious, or inexpensive," the relative congestion of cases in each forum, the "local interest in deciding local controversies at home," the public policies of each forum, and the familiarity of the court with applying the law of the forum state where relevant. Id. at 879–80. The Third Circuit has emphasized that these lists are non-exclusive and that courts should also consider any other relevant factors bearing on the exercise of the court's discretion. Id. at 879.

The private interest factors here do not support transfer to the Southern District of Florida. The plaintiff Standard Fire's preferred forum is the District of New Jersey and this preference is entitled to substantial deference. Id. at 880. See Dagostino v. Bally's Las Vegas, No. 11-cv-02618, 2011 WL 5599859, at *3 (D.N.J. Nov. 17, 2011) ("The plaintiff's forum preference is given great weight regardless of his personal circumstances."). Cesario argues that the Southern District of Florida would be more convenient because he is already litigating the Diplomat Properties case in that district. Although the alternative forum may arguably be more convenient, the Court is not persuaded that litigation in New Jersey would be a hardship for Cesario because he is a New Jersey resident. At the same time, transfer to Florida would impose a greater burden on the plaintiff Standard Fire, which has its principal place of business in

**NOT FOR PUBLICATION**

Connecticut and is not a party in the Diplomat Properties litigation. See Mot. to Dismiss or Transfer, Ex. A.

Cesario also overstates his arguments that Standard Fire's claim arose in Florida and that the primary witnesses and evidence bearing on this claim are located in Florida. The focus of the dispute underlying Standard Fire's claim is not on any events related the theft of the vessel, but rather on whether that theft was within the scope of the insurance policy. Standard Fire bases its arguments on the apparently undisputed facts that the vessel was stolen while it was located in Florida during the period contemplated by the Navigational Warranty. Compl. ¶¶ 17, 19. See Mot. to Dismiss or Transfer 1 (asserting in support of his motion that the vessel was stolen on or about August 10, 2011 from the marina in Hallandale, Florida where it had been kept and maintained for over two years). Standard Fire persuasively argues that the relevant witnesses, if any, would more likely be located in New Jersey where Cesario resides and the policy was allegedly issued, Connecticut where Standard Fire has its principal place of business, or New York where Cesario's insurance broker is allegedly located. Opp'n to Mot. to Dismiss or Transfer 2–3. Even if some potential witnesses may be located in Florida outside the subpoena power of the District of New Jersey, Cesario has not argued that these witnesses could not otherwise be made available for trial in New Jersey. See Jumara, 55 F.3d at 879 (insisting that the convenience of witnesses should be considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora").

The relevant public interest factors here also do not support transfer to the Southern District of Florida. Transfer would not be likely to significantly improve judicial economy because the Court has already noted that the primary questions of disputed fact in this action and the Diplomat Properties litigation do not appear to significantly overlap. Florida does not have a

6

**NOT FOR PUBLICATION**

significantly greater interest in resolving the controversy and the legal questions raised here do not more directly affect Florida's public policy. Jurisdiction here is based on federal admiralty jurisdiction and the plaintiff invokes federal admiralty law on marine insurance policies. <u>See</u> Compl. ¶ 16; Opp'n to Mot. to Dismiss or Transfer 13. Cesario has not raised any other relevant public interest factors that would affect the efficient and just resolution of this case or have any other bearing on the administration of justice.

**CONCLUSION**

Defendant Cesario's motion to dismiss this action or, in the alternative, transfer to the Southern District of Florida is denied. The common law doctrine of forum non conveniens does not apply because the alternative forum identified is another federal judicial district. Because venue is proper in the District of New Jersey, Cesario can only seek discretionary transfer under 28 U.S.C. § 1404(a). Discretionary transfer to the Southern District of Florida is inappropriate because Standard Fire's chosen forum is entitled to deference and Cesario has not demonstrated that the relevant private interest and public interest factors would support the motion to transfer.

March 14, 2012

**/s/ William H. Walls**

United States Senior District Judge

7