# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THE STANDARD FIRE INSURANCE COMPANY, | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | Civ. No. 11-7012 (WHW) |
| DANIEL CESARIO, | : | |
| Defendant. | : | |

**Walls, Senior District Judge**

This case concerns the insurance coverage of a yacht that was stolen at the wrong place and at the wrong time. Plaintiff Standard Fire Insurance Company ("Standard Fire") moves for summary judgment, seeking a declaratory judgment that it is not required to provide insurance coverage for the stolen yacht. Also before the Court is Defendant Daniel Cesario's cross-motion for summary judgment. Plaintiff's motion is granted and Defendant's motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Daniel Cesario owns a yacht, which was insured by Standard Fire from March 30, 2011 until March 30, 2012 under Policy number 979464910 8401 ("Policy"). Pl. Statement of Facts ¶¶ 1-4. The Policy contained this navigational warranty:

**Navigational Information**

Navigational Territory: It is hereby warranted that the Insured Yacht shall be confined to the waters indicated below.

Atlantic and Gulf coastwise waters and tributaries (including bays and inlets) between Eastport, ME and Cedar Keys, FL, including the Bahamas.

**NOT FOR PUBLICATION**

Pl. Statement of Facts, Ex. 1. On a separate page, titled "TRAVELERS YACHT POLICY",

another provision said:

> **NORTH OF CAPE HATTERAS, NORTH CAROLINA RESTRICTION ENDORSEMENT**
>
> In consideration of the premium charged, it is warranted that your **yacht** must be north of Cape Hatteras, North Carolina between June 15 and November 1, both dates inclusive.
>
> All other conditions of this **policy** apply.

Pl. Statement of Facts, Ex. 2 (emphasis original).

Between July 27, 2011 and August 20, 2011, the yacht was stolen while it was docked in

Hallandale, Florida. Pl. Statement of Facts ¶ 7. Standard Fire brought suit seeking a declaratory

judgment that it is not required to provide insurance coverage for the stolen yacht because

Cesario violated the Policy's navigational warranty. Pl. Statement of Facts ¶ 1-2. Both parties

now move for summary judgment.

**STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings, depositions, answers to

interrogatories, admissions on file, and affidavits show that there is no genuine issue of material

fact and the movant is entitled to judgment as a matter of law. *Macfarlan v. Ivy Hill SNF, LLC*,

675 F.3d 266, 271 (3d Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A

material fact is one which "'might affect the outcome of the suit under the governing law.'" *Id.*

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court must view the

evidence in the light most favorable to the non-moving party and draw all inferences in his favor.

*Id.*

**NOT FOR PUBLICATION**

## DISCUSSION

The issue is whether the Policy covers the theft of Cesario's vessel. This is a matter of contract interpretation and there are no underlying material facts in dispute, so summary judgment is proper. *McMillan v. State Mut. Life Assur. Co. of Am.*, 922 F.2d 1073, 1074 (3d Cir. 1990). Maritime insurance contracts are governed by federal admiralty law if an established federal rule exists. *Royal Ins. Co. of Am. v. KSI Trading Corp.*, 563 F.3d 68, 73 (3d Cir. 2009) (citing *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 313-14 (1955)). Otherwise state law applies. *Id.* Application of either would yield the same result in this case.

Federal precedents have long held that navigational warranties should be strictly construed. If a vessel goes beyond the navigational limits, any damage or loss occurring during that time is not covered, even if the breach is *unrelated* to the damage that results. *Ace Capital v. Varadam Foundation*, No. 05-413, 2008 WL 846298, at *4 (D. Del. Mar. 31, 2008) ("Because it is undisputed that the Vessel was south of the Tropic of Cancer when it grounded, plaintiffs are entitled to summary judgment in their favor as defendants breached the navigational warranty in effect at that time."), *aff'd*, 331 Fed. Appx. 120 (3d Cir. May 27, 2009); *Fenby v. M/V Three D of Guernsey*, 217 Fed. Appx. 846, 848-49 (11th Cir. Feb. 2, 2007); *Lexington Ins. Co. v. Cooke's Seafood*, 835 F.2d 1364, 1366 (11th Cir. 1988); *Robinson v. Home Ins. Co.*, 73 F.2d 3, 4-5 (5th Cir. 1934); *Canton Ins. Office v. Indep. Transp. Co.*, 217 F. 213 (9th Cir. 1914). There is no dispute that Cesario's yacht was in Florida, south of Cape Hatteras, at the time of theft. The provision requiring the vessel to be north of North Carolina between June and November was therefore violated. Nothing indicates that Cesario's boat was out of his locational control at the time of theft. *Cf. U.S. Fire Ins. Co. v. Cavanaugh*, 732 F.2d 832, 834-35 (11th Cir. 1984) (vessel

3

**NOT FOR PUBLICATION**

is covered by insurance if it was taken beyond the warranted limits by the unauthorized act of a third-party). The violation was voluntary and Cesario loses insurance coverage as a result.

Relying upon *Royal Insurance Company of America v. KSI Trading Corporation*, 563 F.3d 68 (3d Cir. 2009), Cesario argues that New Jersey state law should apply and the navigational warranties contained in the policy are ambiguous, so they must be construed in his favor. The state law argument fails because no ambiguity exists here. Cesario makes much of the fact that there are two separate provisions and the purported conflict between them. One provision limits the vessel to remain between Eastport, ME and Cedar Keys, FL for the duration of the policy. Pl. Statement of Facts, Ex. 1. Cesario complied with this provision. But the second provision requires Cesario to keep the vessel north of Cape Hatteras, North Carolina during hurricane season. Pl. Statement of Facts, Ex. 2. This provision was violated. Whatever inconsistency exists between these two provisions is easily resolved by a well-settled rule of contract interpretation: where there is an inconsistency between a general provision and a more specific provision, the more specific provision will qualify and control the more general clause. *Homesite Ins. Co. v Hindman*, 992 A.2d 804, 808 (N.J. Super. Ct. App. Div. 2010) (citing *Bauman v. Royal Indem. Co.*, 174 A.2d 585 (N.J. Sup. Ct. 1961)); *Burley v. Prudential Ins. Co. of Am.*, 598 A.2d 936, 940 (N.J. Super. Ct. App. Div. 1991) (citing 2 E. Farnsworth on Contracts, § 7.11, at 263-264 (1990)); *Maryland Cas. Co. v. Hansen-Jensen, Inc.*, 83 A.2d 1, 4 (N.J. Super. Ct. App. Div. 1951) (citing Restatement, Contracts, s 236(c)). The straightforward interpretation of the Policy is that Cesario must keep his boat between Maine and Florida, except for the time period between June 15 and November 1 when the boat must be north of Cape Hatteras, North Carolina.

NOT FOR PUBLICATION

Cesario's claims of confusion are not persuasive. He points to a cover letter that tells him to refer only to the warranty on the declarations page and that suggests the only consequence for keeping his vessel south of North Carolina during hurricane season is a higher Windstorm Deductible Amount. Def. Resp. Br. at 9 (ECF No. 25). If these statements in the cover letter led him astray, his reliance upon them was unfounded because the cover letter also said:

> This brief summary does not change any provisions of the actual policy. There are exclusions, limitations and conditions that apply to each coverage. If there is any conflict between the policy and this summary, the provisions of the policy will apply.

Pl. Statement of Facts, Ex. 1. The Policy itself remains the operative legal document, and the cover letter does not render unambiguous provisions ambiguous. Cesario's position is further undercut by his own emails to his insurance broker. Aff. of Charles E. Murphy (ECF No. 32-2). Cesario stated his intent to keep his yacht in Florida and asked for a lower premium since "[the insurance broker] won't insure the boat while it's there." *Id.* ¶ 9. He wrote, "I can't see spending almost $5,000.00 for half a year's coverage." *Id.* This shows that Cesario comprehended the Cape Hatteras provision perfectly well, *i.e.*, he would lose coverage if he kept his boat in Florida during the restricted months.

## CONCLUSION

Plaintiff Standard Fire's motion for summary judgment is granted, and Defendant Cesario's motion for summary judgment is denied.


September 18, 2012



                                                                    **/s/ William H. Walls**

                                                                    United States Senior District Judge

5